**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Gregory D. BOLIN, Defendant-Appellee.**

**No. 84SA216.**

Supreme Court of Colorado,
En Banc.

Jan. 21, 1986.

Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Denver, Philip L. Dubois, Deputy State Public Defender, Boulder, for defendant-appellee.

LOHR, Justice.

The People appeal from a judgment of the Fremont County District Court dismissing an information charging the defendant, Gregory D. Bolin, with possession of contraband. We reverse.

I.

On June 29, 1983, Bolin, an inmate at the Fremont Correctional Facility in Canon City, was charged by information in Fremont County District Court with possession of contraband.[1] It is undisputed that no detainer[2] was ever filed with the correctional institution and lodged against Bolin based on this charge.

In order to curb certain abuses associated with the use of detainers, Colorado adopted the Uniform Mandatory Disposition of Detainers Act, sections 16–14–101 to –108, 8 C.R.S. (1978) (Uniform Act). In *People v. Higinbotham*, 712 P.2d 993, decided this day, we explored the policies

---

1. § 18–8–204.1, 8 C.R.S. (1985 Supp.). The information also charged Bolin with felony menacing, section 18–3–206, 8 C.R.S. (1978), but that charge later was dismissed upon motion of the prosecution.

2. We have described a detainer as " 'a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.' " *People v. Moody*, 676 P.2d 691, 693 n. 2 (Colo.1984), quoting *United States*

v. *Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). In *People v. Yellen*, 704 P.2d 306, 311 (Colo.1985), after quoting the foregoing description, we noted that the Council of State Governments defined a detainer as "a warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer." Suggested State Legislation for 1959, p. 167.

effectuated by the general assembly in adopting this act.

Pursuant to section 16–14–102(2) of the Uniform Act, the superintendent of the institution in which a prisoner is confined must "promptly inform" that prisoner "of the source and nature of any untried indictment, information, or criminal complaint against him of which the superintendent has knowledge, and of the prisoner's right to make a request for final disposition thereof." Under the Uniform Act, a prisoner may make written request for final disposition of any untried charge pending against him in the state of Colorado on the basis of which a detainer has been filed. § 16–14–102(1), 8 C.R.S. (1978). *See People v. Yellen*, 704 P.2d 306 (Colo.1985). The request must be delivered to the superintendent of the institution where the prisoner is confined. § 16–14–103(1), 8 C.R.S. (1978). That official, in turn, must forward the request and other specified information forthwith to the court having jurisdiction of the untried offense and to the prosecuting official. *Id.* Within ninety days after the court and prosecuting official receive such a request in writing, the prisoner must be brought to trial or the charges against him shall be dismissed with prejudice. § 16–14–104, 8 C.R.S. (1978). The ninety-day period can be extended for good cause or by stipulation. *Id.*

In this case, Bolin appeared in district court on July 6, 1983, for an advisement concerning the contraband charge against him. On July 27, 1983, Bolin made an oral request to his case manager at the institution in which he was confined that disposition be made of the contraband charge pursuant to the Uniform Act. The case manager informed Bolin that because a detainer had not been lodged against him, the defendant could not request final disposition under the Uniform Act.

Trial on the contraband charge was scheduled for October 24, 1983. On that date, the defendant requested a continuance of trial for the purpose of additional investigation and preparation. The district court granted the request and reset the trial for January 3, 1984.

Bolin subsequently filed a motion to dismiss the charge due to lack of compliance with the provisions of the Uniform Act. Specifically, Bolin contended that the superintendent failed to promptly inform Bolin of the pending charge, failed to inform him of his right to demand a disposition of the charge within ninety days, and failed to cause a demand for final disposition to be filed with the district court. As a result, Bolin argued, the charge must be dismissed because Bolin's "right to disposition within the statutorily-mandated period has been denied to him."

After initially denying Bolin's motion, the district court reconsidered and granted the motion, thereby dismissing the charge. The People filed this appeal, arguing that the order of dismissal should be reversed because the prosecution demonstrated that Bolin did not suffer any prejudice as a result of the violation of the Uniform Act. The People also contend that Bolin's request for a continuance and his agreement to a new trial date that was more than ninety days after he made his oral request for final disposition constituted a waiver of Bolin's right to disposition within ninety days under the Uniform Act. We need not analyze the issues presented by the People, as we conclude that because a detainer was never filed, the requirements imposed by the Uniform Act were never triggered.

## II.

Our decision in *People v. Yellen*, 704 P.2d 306 (Colo.1985), is dispositive of this appeal. In that case, we held that although section 16–14–102(2) does not specifically refer to detainers, a superintendent's obligation to inform pursuant to that section does not arise until a detainer has been filed. Analyzing the statutory provision in the light of the policies furthered by the Uniform Act, we concluded that a superintendent only has "knowledge" of untried charges against a prisoner as that term is used in section 16–14–102(2) when a detainer has been filed. *Id.* at 310–12.

■ Here, because a detainer was never filed against Bolin on the possession of contraband charge, a duty on the part of the superintendent to inform Bolin as required by section 16–14–102(2) of the Uniform Act did not arise. For the reasons expressed in *People v. Yellen*, 704 P.2d at 310–12, we also conclude that the obligation on the part of the superintendent under section 16–14–103 of the Uniform Act to forward a prisoner's request for final disposition of a charge underlying a detainer did not arise here because a detainer was never filed. The purpose of the Uniform Act is to provide a mechanism for the disposition of detainers; without a detainer, the act has no applicability.

Because the requirements of the Uniform Act were never triggered, the district court erred in dismissing the charge against Bolin on the basis of a "failure" on the part of prison officials to comply with those requirements. We reverse the judgment of the district court and remand the case to that court with directions to reinstate the information charging the defendant with possession of contraband.